UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RUBY JANICE MARRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:07CV0035 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on Defendant's motion to dismiss Plaintiff's complaint against it for lack of subject matter jurisdiction. For the reasons set forth below, Defendant's motion to dismiss shall be granted.

## BACKGROUND

Plaintiff Ruby Janice Marra initially filed this action in state court on May 4, 2007, against two doctors, Margaret A. Wilson, D.O., and Mary Kennedy, D.O. Plaintiff alleged that the physicians negligently diagnosed Plaintiff's condition by informing her that her fibrous tumor was benign. Plaintiff further alleged that based on this assessment, she failed to seek medical attention, and her condition seriously deteriorated.[2]

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

[2] The facts as asserted by Plaintiff are as follows. On August 13, 2004, Plaintiff discovered a lump in her right breast and sought diagnosis and treatment from the initial Defendants. Upon examination, both doctors informed Plaintiff that the mass was a benign fibrous tumor. The doctors suggested that Plaintiff had nothing to worry about and recommended that the lump would dissolve by the end of December, 2004, if Plaintiff changed her diet. By the end of December, 2004, however, the lump increased

On September 28, 2007, Drs. Wilson and Kennedy filed a motion to dismiss them from the action and to substitute the United States as the Defendant. They explained that the United States Attorney for this District certified that the Northeast Missouri Health Council, Inc. ("NMHC"), which employed Dr. Wilson and Dr. Kennedy at the relevant time, was deemed by the Department of Health and Human Services ("DHHS"), pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(a), to be eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(1). (Doc. #4.) On October 16, 2007, the Court granted the unopposed motion to dismiss, and substituted the United States as the Defendant in this action. (Doc. #6.)

Defendant the United States now moves to dismiss the action for Plaintiff's failure to exhaust her administrative remedies. Defendant argues that in order for Plaintiff to file an action in court under the FTCA, she must first fully exhaust her administrative remedies by submitting her claim to the appropriate Federal agency and obtaining a final agency decision denying the claim. Defendant states that the appropriate Federal agency in this instance is the DHHS, and that Plaintiff failed to submit her claim to the DHHS prior to instituting this action. This is supported by the certification of a Senior Attorney

---

in size. Plaintiff again sought diagnosis from the initial Defendants in March 2005. Plaintiff alleged that at no time did the doctors formally test, study, or diagnose Plaintiff to determine whether the tumor was malignant. (Pl.'s Compl. 2.)

Soon after, Plaintiff sought diagnosis and treatment from another doctor, who performed a biopsy and determined that Plaintiff's tumor was, in fact, malignant, and conducted a radial mastectomy of Plaintiff's right breast on November 28, 2005. Since then, the cancer spread and, as a result, Plaintiff suffers from at least six malignant brain tumors. (Pl.'s Compl. 3.)

2

in the Office of General Counsel at the DHHS.  (Def.'s Ex. A. to Doc. #8).  Plaintiff has not responded to the motion to dismiss, and the time for doing so has now elapsed.

## DISCUSSION

The FTCA, 28 U.S.C. §§ 2674 & 2675, provides jurisdictional prerequisites that, when met, waive the sovereign immunity of the United States.  Daniels v. United States, 135 Fed. Appx. 900, 901 (8th Cir. 2005).  In relevant part, § 2675(a) states that "[a]n action shall not be instituted . . . unless the claimant shall first have presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."  28 U.S.C. § 2675(a).  Furthermore, it is Plaintiff's burden to demonstrate that federal jurisdiction exists under the FTCA and, "[i]n the absence of proof that she presented a claim to [the appropriate federal agency] the district court lack[s] subject matter jurisdiction over the claim."  See Daniels, 135 Fed. Appx. at 901; accord Bohac v. Walsh, 386 F.3d 859, 861(8th Cir. 2004) (stating that a plaintiff must first exhaust all administrative remedies pursuant to § 2675(a), within two years of the claim accruing or it will be permanently barred pursuant to 28 U.S.C. § 2401(b)); Duncan v. Dep't of Labor, 313 F.3d 445, 447 (8th Cir. 2002).

In this instance it is undisputed that DHHS is the appropriate Federal agency.  Nor is it disputed that prior to filing this action, Plaintiff had not presented her claim to the DHHS.  As such, the jurisdictional prerequisite contained in § 2675(a), of receiving a final denial from the appropriate federal agency, has not been fulfilled and this Court does not have subject matter jurisdiction over this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the United States to dismiss Plaintiff's complaint is **GRANTED**. [Doc. # 8]

A separate Judgment shall accompany this Memorandum and Order.

                                             AUDREY G. FLEISSIG
                                             UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of November, 2007.